[No. 56651–8. En Banc. September 6, 1990.]

JOAN F. FAY, *Petitioner,* v. NORTHWEST AIRLINES, INC., ET AL, *Respondents.*

*Joan F. Fay,* pro se.

*Rolland, O'Malley & Williams, P.S.,* and *Wayne L. Williams,* for respondent Northwest Airlines.

DORE, J.—Joan Fay, acting pro se, appealed an adverse decision rendered by the Board of Industrial Insurance Appeals. The trial court dismissed the appeal for lack of jurisdiction on the ground that Fay failed to serve notice of appeal upon the Director of the Department of Labor and Industries within 30 days of receiving notification of the Board's ruling as required by RCW 51.52.110. The Court of Appeals affirmed. This court granted Fay's petition for review and we now affirm the lower court.

## FACTS

Joan Fay worked as a flight attendant for Northwest Airlines. On August 10, 1985, Fay was injured in an automobile accident as she drove home from Sea–Tac Airport.

Fay had just returned from an international flight and was still wearing her flight attendant uniform when the accident occurred. Fay reported the accident to the Department of Labor and Industries on May 29, 1986. In the report, Fay claimed that she was injured while in the course of her employment with Northwest, a self-insured employer under the Industrial Insurance Act. On June 27, 1986, the Department rejected Fay's claim on the ground that she was not acting in the course of her employment when the accident occurred. On August 15, 1986, Fay appealed her case to the Board of Industrial Insurance Appeals. The Board accepted the appeal on August 27, 1986. An industrial insurance appeals judge held hearings and issued a Proposed Decision and Order reversing the Department and awarding benefits to Fay. The appeals judge found that according to Northwest's employment regulations Fay had been acting in the course of her employment when injured.

Northwest filed a petition for review of the proposed decision with the Board. On March 31, 1988, the Board entered an order reversing the appeals judge and affirming the Department's original denial of Fay's claim.

On April 29, 1988, Fay filed a timely appeal with Pierce County Superior Court. Fay also timely served notice of her appeal upon the Board and counsel for Northwest. Fay, however, neglected to serve notice upon the Director of the Department within 30 days after receiving notification of the Board's decision. On June 24, 1988, Northwest moved to dismiss the appeal for lack of jurisdiction on the ground that Fay failed to perfect her appeal pursuant to RCW 51.52.110. Fay filed a response to the motion and served the Director. The Superior Court granted Northwest's motion to dismiss.

Fay appealed the trial court's dismissal to the Court of Appeals. Northwest filed a motion on the merits to affirm the trial court and moved for attorney fees and costs. The Commissioner granted Northwest's motion on the merits but denied the request for attorney fees. A panel of the

court denied Fay's motion to modify the Commissioner's ruling.

Fay filed a petition for review with this court asserting that under the language of RCW 51.52.110 she could not be expected to know that the statute required an appellant to both file and serve notice of appeal upon the Board, the Director, and her self–insured employer within 30 days of the Board's decision. Northwest claimed that the issue was governed by settled case law and requested that this court award Northwest attorney fees pursuant to RAP 18.9(a).

### PETITIONER FAILED TO SECURE SUBJECT MATTER JURISDICTION UNDER RCW 51.52.110

■ The Industrial Insurance Act provides an exclusive remedy for injured workers. "Except as provided in RCW 51.52.110, all jurisdiction of the courts of this state for workers' injuries is abolished by the Industrial Insurance Act. RCW 51.04.010." *Spokane v. Department of Labor & Indus.*, 34 Wn. App. 581, 583, 663 P.2d 843, *review denied*, 100 Wn.2d 1007 (1983). Appeals from administrative tribunals invoke the appellate, not the general or original, jurisdiction of the superior court. *Reeves v. Department of Gen. Admin.*, 35 Wn. App. 533, 537, 667 P.2d 1133, *review denied*, 100 Wn.2d 1030 (1983). "Acting in its appellate capacity, the superior court is of limited statutory jurisdiction, and all statutory requirements must be met before jurisdiction is properly invoked." *Spokane Cy. v. Utilities & Transp. Comm'n*, 47 Wn. App. 827, 830, 737 P.2d 1022 (1987).

RCW 51.52.110 sets forth the procedure under which a party may appeal a decision and order of the Board of Industrial Insurance Appeals to the superior court. The appeal statute provides in relevant part:

> Within thirty days after a decision of the board . . . [a] worker, beneficiary, employer or other person aggrieved by the decision and order of the board may appeal to the superior court. . . .
> . . . Such appeal shall be perfected by filing with the clerk of the court a notice of appeal and by serving a copy thereof by

mail, or personally, on the director and on the board. If the case is one involving a self–insurer, a copy of the notice of appeal shall also be served by mail, or personally, on such self–insurer.

RCW 51.52.110. The notice provision contained in the statute is a practical requirement intended to ensure that interested parties receive actual notice of appeals of Board decisions. *In re Saltis*, 94 Wn.2d 889, 895, 621 P.2d 716 (1980).

■■ The perfection provision does not explicitly provide that a party must both file and serve within a specific time. However, cases interpreting RCW 51.52.110 hold that in order to invoke the jurisdiction of the superior court an appealing party must file *and* serve notice within the 30–day appeal period. *Graves v. Vaagen Bros. Lumber, Inc.*, 55 Wn. App. 908, 910–11, 781 P.2d 895 (1989) (parties did not dispute that notice of appeal was timely filed in the appropriate county and that all parties were served notice within 30 days); *Vasquez v. Department of Labor & Indus.*, 44 Wn. App. 379, 382, 722 P.2d 854 (1986) ("RCW 51.52.110 limits an aggrieved party to 30 days in which to file *and* serve a notice of appeal.").

Generally, courts have required strict compliance with the terms of the statute to secure superior court jurisdiction. *See Lidke v. Brandt*, 21 Wn.2d 137, 150 P.2d 399 (1944) (personal service upon assistant supervisor of department jurisdictionally fatal); *Rybarczyk v. Department of Labor & Indus.*, 24 Wn. App. 591, 602 P.2d 724 (1979) (service by mail on "Board Chairman" instead of Director of Department jurisdictionally faulty), *review denied*, 93 Wn.2d 1010 (1980); *Smith v. Department of Labor & Indus.*, 23 Wn. App. 516, 596 P.2d 296 (service by mail on Attorney General, instead of Director of Department, insufficient to confer jurisdiction), *review denied*, 92 Wn.2d 1013 (1979).

Recently, in *In re Saltis*, 94 Wn.2d 889, 621 P.2d 716 (1980), we held that substantial compliance with the terms of RCW 51.52.110 was sufficient to invoke the appellate

jurisdiction of the superior court. In *Saltis,* we noted that in the past we had required strict compliance with the appeal statute to provide the superior court with jurisdiction. *Saltis,* 94 Wn.2d at 894. Moving away from the requirement of strict compliance, we "warn[ed] against slavish adherence to the precedent" that *Lidke, Rybarczyk,* and *Smith* represented. *Saltis,* 94 Wn.2d at 895. Setting forth the standard of substantial compliance, we held that proper service on the Director of the Department could be shown if: "(1) the Director received actual notice of appeal to the Superior Court *or* (2) the notice of appeal was served in a manner reasonably calculated to give notice to the Director." *Saltis,* 94 Wn.2d at 896.

In the present case, Fay failed to strictly or substantially comply with the statute's jurisdictional requirements. While Fay properly filed in the superior court and served notice upon the Board and her employer within the time period, the Director did not receive actual notice of the appeal from Fay until after the expiration of the 30 days. Further, Fay did not serve notice in a manner reasonably calculated to give notice to the Director. We affirm the trial court's dismissal of Fay's appeal for lack of jurisdiction.

### AMENDMENT TO RCW 51.52.110 DID NOT ALTER STATUTE'S APPEAL REQUIREMENTS

In 1982, the Legislature amended RCW 51.52.110 adding the following underscored language:

> Within thirty days after a decision of the board . . . [a] worker, beneficiary, employer or other person aggrieved by the decision and order of the board may appeal to the superior court. If such worker, beneficiary, employer, or other person fails to file with the superior court its appeal as provided in this section within said thirty days, the decision of the board to deny the petition or petitions for review or the final decision and order of the board shall become final.

Laws of 1982, ch. 109, § 6, p. 487. Recent decisions by the Court of Appeals quote the language of the amendment but fail to analyze the potential impact of the new text. *See Graves v. Vaagen Bros. Lumber, Inc., supra* at 909–10;

*Vasquez v. Department of Labor & Indus., supra* at 381. The text emphasizes the need to file in the superior court within 30 days after the Board's decision but does not make any reference to serving notice on the parties to such an appeal.

A review of the legislative history reveals that the intent of the amendment was to codify existing case law regarding the effect of failure to timely file an appeal with the superior court. Reporting on proposed amendments to RCW Title 51, the Board of Industrial Insurance Appeals stated

> *RCW 51.52.110—Appealing the Board's decisions to superior court.* The intended change merely would place in the statute that which is existing case law to the effect that if an aggrieved party fails to file their appeal in superior court as provided under the statute within thirty days, the Board's decision whether such was merely a denial of a petition for review or a formally drafted decision and order would become final and no longer appealable.

Memorandum from Board of Industrial Insurance Appeals to Washington State Legislature and Research Staff (Jan. 28, 1982).

We hold that the amendment did not alter the requirement that an aggrieved party both file and serve notice of appeal within 30 days of receiving notice of the Board's decision.

### NORTHWEST IS NOT ENTITLED TO ATTORNEY FEES AND COSTS

 Northwest requested attorney fees and costs under RAP 18.9(a) on the ground that Fay's appeal was frivolous. RAP 18.9(a) provides that the appellate court, on its own motion or on motion of a party, "may order a party . . . who uses these rules for the purpose of delay . . . to pay terms or compensatory damages to any other party who has been harmed by the delay . . .." Bringing a frivolous appeal justifies the imposition of terms and compensatory damages. *Green River Comm'ty College Dist. 10 v. Higher Educ. Personnel Bd.,* 107 Wn.2d 427, 442–43, 730 P.2d 653 (1986); *Pearson v. Schubach,* 52 Wn. App. 716, 725–26, 763 P.2d 834 (1988), *review denied,* 112 Wn.2d 1008 (1989). An

appeal is frivolous if there are no debatable issues upon which reasonable minds might differ and it is so totally devoid of merit that there was no reasonable possibility of reversal. *Green River Comm'ty College Dist. 10,* 107 Wn.2d at 442–43.

We hold that Fay's appeal is not frivolous under that standard. The appeal presented a debatable issue as to the interpretation of RCW 51.52.110 in light of the 1982 amendment. In addition, the appeal called into question the authority of existing case law interpreting the requirements of the appeal statute. We deny Northwest's request for attorney fees and costs.

CONCLUSION

Under RCW 51.52.110, in order to invoke the jurisdiction of the superior court a party appealing a decision of the Board of Industrial Insurance Appeals must file *and* serve notice of the appeal on the Director and the Board within 30 days after receiving notification of the Board's decision. The 1982 amendment to the appeal statute did not alter that requirement. Fay failed to satisfy the requirements of the appeal statute when she neglected to serve notice upon the *Director* of the Department within the required time period. We affirm the trial court's dismissal of Fay's appeal for lack of jurisdiction and deny Northwest's request for attorney fees.

CALLOW, C.J., and UTTER, BRACHTENBACH, DOLLIVER, ANDERSEN, DURHAM, SMITH, and GUY, JJ., concur.