FILED
COURT OF APPEALS
DIVISION II

2013 AUG 13 AM 10: 29

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| RICHARD E. SWANSON, and others similarly situated, | No. 43114-9-II |
| Appellant, | |
| v. | |
| STATE OF WASHINGTON, DEPARTMENT OF RETIREMENT SYSTEMS, | UNPUBLISHED OPINION |
| Respondent. | |

PENOYAR, J. — Richard Swanson filed two complaints against the Department of Retirement Systems (Department) in superior court because the Department reduced the amount of his monthly retirement benefit. The trial court dismissed his complaints because he failed to comply with Washington Administrative Procedure Act's (APA)[1] requirements and, thus, did not invoke the court's jurisdiction. Swanson appeals, arguing that he is challenging the validity of a rule; therefore, he did not have to file his complaints within 30 days of the Department's action or exhaust his administrative remedies. The trial court properly dismissed Swanson's complaints because he did not comply with the APA's 30-day filing deadline. We affirm the trial court.

## FACTS

Swanson is a Public Employees' Retirement System (PERS) Plan 1 retiree who retired from state employment in 1999. At that time, the Department calculated his monthly retirement

---

[1] Ch. 34.05 RCW.

benefit, using his two highest earning years[2] (1990 to 1992). In 2010, the Department audited Swanson's retirement account and discovered that it had incorrectly calculated the amount of his monthly benefit because it had included all of his unused leave. Unused leave may be included in an employee's monthly retirement benefit calculation provided the unused leave was earned during the two-year period used for computing the employee's monthly benefit—here, 1990 to 1992. WAC 415-108-510(1); 1976 Op. Att'y Gen. No. 1, at 10-11. The Department calculates the amount of unused leave earned during this time period using the first-in-first-out rule, which assumes that the first leave earned is the first leave used. WAC 415-108-510(2).

The Department informed Swanson in an August 23, 2010 letter[3] that it had discovered an overpayment and that it was required by statute[4] to recover the overpayment. The Department also sent Swanson an invoice, which included three repayment options. Swanson did not reply to the invoice, as requested, or seek an appeal with the Department.

On December 9, 2010, Swanson filed a complaint against the Department in Thurston County Superior Court, seeking "damages and equitable relief against [the Department] for [its] application of the 'first-in, first-out' rule to exclude some, or all, of annual leave benefits in the calculation of [monthly retirement benefits]." Clerk's Papers (CP) at 8. His complaint alleged that the superior court had original jurisdiction over his claims under RCW 2.08.010. Rather

---

[2] Under RCW 41.40.185, retirement allowance is calculated using the employee's years of service and average final compensation. "Average final compensation" is the annual average of the greatest compensation earnable by a member during any consecutive two-year period. RCW 41.40.010(6)(a).

[3] The Department also contacted Swanson by phone and e-mail.

[4] RCW 41.50.130(1) allows the Department director to correct any errors appearing in the records of the retirement system and provides that, in the case of overpayments, the retiree shall repay the Department.

than serving the Department, Swanson served his complaint on the Office of the Attorney General, which, at that point, had not been named as the Department's attorney of record. The Department moved to dismiss, arguing that Swanson failed to invoke the trial court's subject matter jurisdiction. The trial court granted the Department's motion to dismiss.

On January 19, 2011, Swanson filed a second complaint against the Department in Thurston County.[5] He again sought "equitable relief . . . and damages against [the Department] for its application of the 'first-in, first-out' rule" but alleged that the court had subject matter jurisdiction under RCW 34.05.570(2).[6] CP at 621. The Department filed another motion to dismiss, arguing that Swanson again failed to invoke the court's subject matter jurisdiction and failed to exhaust his administrative remedies. The trial court granted the Department's motion to dismiss, finding that Swanson failed to invoke the trial court's subject matter jurisdiction, exhaust his administrative remedies, and establish the futility exception to exhaustion. Swanson appeals the dismissal of both complaints.

---

[5] Swanson amended this petition on December 16, 2011.

[6] Review of rules. (a) A rule may be reviewed by petition for declaratory judgment filed pursuant to this subsection or in the context of any other review proceeding under this section. In an action challenging the validity of a rule, the agency shall be made a party to the proceeding. (b)(i) The validity of any rule may be determined upon petition for a declaratory judgment addressed to the superior court of Thurston county, when it appears that the rule, or its threatened application, interferes with or impairs or immediately threatens to interfere with or impair the legal rights or privileges of the petitioner. The declaratory judgment order may be entered whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question. . . . (c) In a proceeding involving review of a rule, the court shall declare the rule invalid only if it finds that: The rule violates constitutional provisions; the rule exceeds the statutory authority of the agency; the rule was adopted without compliance with statutory rule-making procedures; or the rule is arbitrary and capricious.

RCW 34.05.570(2).

ANALYSIS

Swanson argues that the trial court erred by dismissing both of his claims. Because Swanson failed to timely file and serve his complaints, we affirm the trial court's dismissal.

## I.     FIRST COMPLAINT

The trial court dismissed Swanson's first complaint for failing to invoke the trial court's subject matter jurisdiction. Because Swanson did not timely file his complaint or properly serve the Department as the APA requires, we affirm the trial court's dismissal.

We review an order on a motion to dismiss de novo. *Evergreen Wash. Healthcare Frontier, LLC v. Dep't of Soc. & Health Servs.*, 171 Wn. App. 431, 444, 287 P.3d 40 (2012), *review denied*, 176 Wn.2d 1028, 301 P.3d 1048 (2013)). The APA establishes the exclusive means of judicial review of agency action. RCW 34.05.510. "Agency action" is defined as "licensing, the implementation or enforcement of a statute, the adoption or application of an agency rule or order, the imposition of sanctions, or the granting or withholding of benefits." RCW 34.05.010(3). Here, the Department's letter informing Swanson of the recalculation of his retirement benefits involved both the application of agency rules and the granting or withholding of benefits; therefore, it was an agency action subject to the APA.

An appeal from an administrative decision invokes the superior court's appellate jurisdiction; therefore, "'all statutory requirements must be met before jurisdiction is properly invoked.'" *Skinner v. Civil Servs. Comm'n of the City of Medina*, 168 Wn.2d 845, 850, 232 P.3d 558 (2010) (quoting *Fay v. Nw. Airlines, Inc.*, 115 Wn.2d 194, 197, 796 P.2d 412 (1990)). Under the APA, a petition for judicial review of an agency action must be filed with the court and served on the agency, the attorney general, and all parties of record within 30 days after the agency action. RCW 34.05.542(3). A party serves the agency by delivering a copy of the

petition to the director's office at the agency's principal office or by serving the agency's attorney of record. RCW 34.05.542(4), (6). An attorney of record is an attorney who has been named by a party as his agent or who has filed a notice of appearance in the case. *Cheek v. Emp't Sec. Dep't*, 107 Wn. App. 79, 84, 25 P.3d 481 (2001) (quoting BLACK'S LAW DICTIONARY 129 (6th ed. 1990)).

Swanson failed to invoke the trial court's subject matter jurisdiction because he failed to comply with the requirements of RCW 34.05.542(3). First, he did not meet the 30-day filing deadline.[7] The Department sent the letter to Swanson informing him of the overpayment on August 23, 2010. Swanson filed his first complaint on December 9, 2010, more than 30 days after receiving the Department's letter.

Swanson argues that the 30-day filing deadline did not apply to him because he is alleging "improper rule-making." Appellant's Br. at 11-12. RCW 34.05.542(1) provides that a petition for review of a rule may be filed at any time, but subsection (3), which applies to petitions for review of agency actions other than the adoption of a rule or the entry of an order, provides that a petition must be filed within 30 days of the agency action. Swanson's first complaint alleges "improper recalculation of past and future retirement benefits" and seeks "[d]amages for improperly reduced PERS 1 retirement benefits" and "[i]njunctive relief prohibiting [the Department] from recalculating his [benefits] using the 'first-in, first-out' rule." CP at 6, 9-10. Nowhere in the complaint does Swanson state that he is challenging the validity

---

[7] Swanson argues that the Department failed to raise this issue at the trial court. But the Department raised this issue in its motions to dismiss both complaints, and, even if the Department had not raised the issue, we can review challenges to a trial court's jurisdiction for the first time on review. RAP 2.5(a)(1).

of a rule. Swanson is not seeking review of a rule or an order; therefore, subsection (3) applies to his petition.

Additionally, Swanson failed to properly serve his first complaint on the Department. Rather than delivering the complaint to the Department, Swanson delivered it to the Office of the Attorney General where it was received by Assistant Attorney General Dionne Padilla-Huddleston. Padilla-Huddleston was not the Department's attorney of record, and, at the time Swanson attempted to serve the complaint, no one at the Office of the Attorney General had been named as the Department's attorney of record for this matter. Thus, Swanson failed to comply with two of the requirements in RCW 34.05.542, and the trial court correctly determined that he failed to invoke its subject matter jurisdiction.

II.    SECOND COMPLAINT

The trial court dismissed Swanson's second complaint because he failed to invoke the trial court's jurisdiction, failed to exhaust his administrative remedies, and failed to establish that the futility exception applied. Because Swanson was challenging the Department's application of the first-in-first-out rule to reduce his retirement benefits, and not the adoption or general validity of the first-in-first-out rule, we hold that the trial court did not err by dismissing his second complaint.

Swanson again argues that the 30-day filing deadline did not apply to him because he is alleging "improper rule-making." But, as we discussed above, RCW 34.05.542(3) provides that a petition for review of an agency action other than adoption of a rule or entry of an order must be filed within 30 days of the agency action. Here, Swanson is not challenging the adoption or general validity of a rule; he is alleging that the Department's application of the first-in-first-out

rule to him and other similarly situated individuals amounted to an unconstitutional violation of *Bowles v. Department of Retirement Systems.*[8]

Although Swanson cites RCW 34.05.570(2), which concerns judicial review of a rule, and titles his causes of action "Improper Rule-Making," he continually refers to the Department's application of the rule to alter *his* benefits. CP at 367. In paragraph 1.11 of his complaint, Swanson states that the Department's application of the first-in-first-out rule proscribing consideration of his total annual leave in computing his retirement benefits violated *Bowles.* His requests for relief include "[a] Declaratory Judgment prohibiting [the Department] from relying on WAC 415-108-510 to recalculate his [benefits]," [a]n Injunction prohibiting [the Department] from relying on WAC 415-108-510 to recalculate his [benefits]," and "[d]amages for improperly reduced PERS 1 retirement benefits." CP at 365. Moreover, nowhere in his briefs to this court does Swanson argue that the first-in-first-out rule itself is invalid for constitutional or other reasons. He merely repeats the argument in his complaint: the Department erred by applying the first-in-first-out rule to him in this instance. We hold that the trial court did not err by dismissing his second complaint.[9]

---

[8] In *Bowles*, the Supreme Court held that the Department violated employees' pension rights when it changed its practices regarding limitations on leave cashouts. 121 Wn.2d 52, 68, 69, 847 P.2d 440 (1993). Swanson argues that his situation is comparable to the *Bowles* plaintiffs' because he was hired before the first-in-first-out rule was enacted. He asserts that he relied on the fact that all of his unused leave would be included in his retirement benefit calculation, and the Department's alleged change in practices was an unconstitutional violation of *Bowles.* This is obviously a fact-based claim, not a claim of general invalidity.

[9] Because the trial court correctly determined that it lacked subject matter jurisdiction, we do not reach Swanson's other arguments.

We affirm the trial court's dismissal of both of Swanson's complaints.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Penoyar, J.

We concur:

Hunt, J.

Bjorgen, J.