FILED
COURT OF APPEALS
DIVISION II

2013 SEP 10 AM 8:40

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, ex rel., J.P.P.,<br>a minor child,<br><br>Petitioner,<br><br>THOMAS E. DAVIS,<br>Father of the minor child, J.P.P.,<br><br>Appellant,<br><br>v.<br><br>LEAH CHERI SPEARBECK, ADAMS,<br>PARKER, Mother of the minor child, J.P.P.,<br><br>Respondent. | No. 44311-2-II<br><br><br><br><br>UNPUBLISHED OPINION |

FEARING, J.[1] — Thomas E. Davis appeals from the trial court's denial of his CR 60(b) motion to vacate a seven-year-old supplemental order that increased his child support obligation. Davis argues that the trial court erred by failing to vacate the supplemental order because the child's mother, Leah Parker, procured it by fraud. Because he failed to show fraud, we affirm the trial court's denial of the motion, and, because of the frivolous nature of Davis's appeal, we award Parker reasonable attorney fees and costs on appeal.

## FACTS

This dispute has a long procedural history. In 1996, the trial court ordered Thomas Davis to pay child support and a share of other expenses for his son, J.P.P. *State ex rel. J.P.P. v. Davis,*

---

[1] Judge Fearing is a Division Three judge serving with the Court of Appeals, Division Two, under CAR 21(a).

noted at 121 Wn. App. 1019, 2004 WL 901553, at *1 (2004), *review denied*, 153 Wn.2d 1012 (2005).

In 2002, the trial court entered an order reducing Davis's total support obligation to $385 per month. However, the order temporarily set Davis's obligation at $25 per month for up to two years, if he satisfied two conditions: (1) he demonstrated that his unemployment benefits were completely exhausted and (2) he provided Parker and the Department of Social and Health Services with written verification each quarter that he was enrolled full time in college and making substantial progress toward completion.[2]

Thereafter, Davis enrolled in college and paid Parker $25 per month. However, between March 2003 and early January 2004, Davis failed to provide verification of his enrollment.

On January 14, 2004, Parker filed a motion for an order to show cause why Davis should not be held in contempt for failing to comply with the 2002 order. Also on January 14, the Department requested enrollment verification and advised Davis that if he failed to comply, his payments would revert to $385 per month. On January 21, Davis faxed the Department verification of his full-time enrollment during the winter, spring, and fall quarters of 2003 and the winter quarter of 2004. On the same day, Parker struck her motion to show cause.

On February 27, 2004, Parker filed a new motion to show cause why Davis should not be found in contempt, seeking imprisonment as a sanction. Parker averred that Davis violated the 2002 order by failing either to pay $385 per month or to provide her with Davis's enrollment verification and progress towards completion. On March 1, Davis sent Parker's attorney a copy of the document verifying his full-time enrollment in college.

---

[2] Acting pro se, Davis appealed the 2002 order. *J.P.P.*, 2004 WL 901553, at *1-2. We affirmed in an unpublished decision. *J.P.P.*, 2004 WL 901553, at *8.

Despite the March 1 letter, the trial court, on March 8, 2004, granted Parker's new motion to show cause, appointed counsel for Davis, and directed the court administrator to set a contempt hearing. At a hearing held May 28, 2004, the trial court dismissed the contempt charge against Davis. But at that hearing, the parties also disputed when Davis's child support obligation would revert to $385 per month. Because Davis planned to graduate in June 2004 and the two-year period contemplated in the 2002 order had nearly ended, the trial court (1) struck the provisions related to Davis's college enrollment and (2) reverted Davis's monthly child support obligation to $385, beginning July 2004. Davis did not appeal this order.

In June 2004, Davis filed a child support modification motion because he was unable to pay $385 per month. The trial court denied the motion, explaining that Davis needed to file a petition supported by financial worksheets. *See* RCW 26.09.175(1). Instead, Davis filed a motion to strike the May 28, 2004 order. The trial court also denied this motion and again directed Davis to petition to modify the child support order.

In 2011, Davis moved the trial court for an order requiring Parker to appear and show cause why the May 28, 2004 order should not be vacated. The trial court issued the show cause order and convened a hearing to consider Davis's motion to vacate.[3] Davis argued that the May 28, 2004 order should be vacated because it was procured by fraud and it violated constitutional and statutory requirements. The trial court denied Davis's motion to vacate. Davis appeals the denial.

## ANALYSIS

Without citing authority, Davis requests that we review his appeal de novo. Nevertheless, we review a trial court's denial of a CR 60(b) motion for manifest abuse of

---

[3] The State appeared at the hearing, represented by a deputy prosecuting attorney for Grays Harbor County.

discretion. *Haley v. Highland*, 142 Wn.2d 135, 156, 12 P.3d 119 (2000). A trial court abuses its discretion when its decision is manifestly unreasonable, based on untenable grounds, or made for untenable reasons. *Mayer v. Sto Indus., Inc.*, 156 Wn.2d 677, 684, 132 P.3d 115 (2006).

CR 60(b)(4) grants the trial court authority to vacate an order procured by fraud. A motion to vacate must "be made within a reasonable time." CR 60(b). We doubt that Davis filed his motion within a reasonable time, but affirm the denial of the motion on other grounds.

Davis argues that the May 28, 2004 order was procured by fraud. In response, Parker asserts that "[Davis's] vague allegations of fraud are unsubstantiated by proof or by cogent argumentation." Br. of Resp't at 13. We agree with Parker.

Davis argues that Parker committed fraud when filing her second motion to hold Davis in contempt because Parker averred that Davis violated the child support order, even though Davis had already verified his enrollment in college and Parker had stricken her first motion to hold Davis in contempt. But Davis disputed Parker's averment, and the trial court dismissed the contempt charge because Davis was not violating the child support order at the time of the hearing. Because neither Davis nor the trial court relied on Parker's averment, the averment did not perpetrate a fraud. *See Stiley v. Block*, 130 Wn.2d 486, 505, 925 P.2d 194 (1996). Therefore the trial court did not abuse its discretion in denying Davis's motion to vacate.

Davis further claims that the trial court denied his motion because it was biased against him. Davis argues that the trial court acted on bias when allegedly stating it was "not going to sign the thing," i.e., Davis's proposed order accompanying his motion to vacate. Br. of

Appellant at 28-29. The record does not show that the trial court made such a statement, but it is not bias for a trial court to refuse to sign an order to which a party is not entitled.[4]

Davis raises two other issues without articulating any reasoned argument. First, Davis repeatedly asserts that his right to the effective assistance of counsel was violated.[5] But Davis represented himself in the motion to vacate, and he never explains how his counsel's ineffectiveness contributed to the May 28, 2004 order. *See* Br. of Appellant at 17 (referring to "an excellent trial brief" filed on his behalf by appointed counsel). Second, Davis repeatedly claims that the trial court "declared war on the Constitution." Br. of Appellant at 9. But he fails to explain the basis of this claim, aside from an allusion to an unspecified holding of the Supreme Court.[6] Both claims fall short of reasoned argument, and therefore we will not consider them. *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998).

Davis further requests that we should determine various matters of fact and award him money damages. Determining facts and awarding damages are beyond the scope of our review. *See* RAP 2.4.

---

[4] Davis contends that the trial court exhibited bias on two other occasions, but any bias in these occasions could not have been a basis for the trial court's denial of his motion to vacate. First, Davis charges that the trial court's bias caused its refusal to enter a default judgment in Davis's favor after a hearing in 2005 at which Parker did not appear. Second, Davis claims that the trial court purposefully delayed completing a form to deprive Davis of indigent counsel in this appeal. But no evidence substantiates Davis's allegations of bias and they have no bearing on whether the trial court properly denied Davis's motion to vacate the May 28, 2004 order.

[5] Although a criminal defendant has a constitutional right to counsel, Davis is not a criminal defendant. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. However, when a contempt proceeding brought to enforce a child support order may result in an indigent person's imprisonment, procedural due process requires that the indigent person have a right to appointed counsel. *Tetro v. Tetro*, 86 Wn.2d 252, 254-55, 544 P.2d 17 (1975).

[6] In *Cooper v. Aaron*, 358 U.S. 1, 18, 78 S. Ct. 1401, 3 L. Ed. 2d 5 (1958), the term "war against the Constitution" characterized the actions of Arkansas officials who disavowed any duty to comply with the Supreme Court's decision in *Brown v. Board of Education*, 347 U.S. 483, 74 S. Ct. 686, 98 L. Ed. 873 (1954). But here, no official has disavowed a duty.

## ATTORNEY FEES

Parker requests reasonable attorney fees and costs for defending a frivolous appeal. We agree that Davis's appeal is frivolous, and we award reasonable attorney fees and costs to Parker.

RAP 18.9(a) allows us to sanction a party who files a frivolous appeal. *Fay v. Nw. Airlines, Inc.*, 115 Wn.2d 194, 200, 796 P.2d 412 (1990). An appeal is frivolous if it presents no debatable issues upon which reasonable minds might differ and it is so totally devoid of merit that no reasonable possibility of reversal exists. *Fay*, 115 Wn.2d at 200-01. Applying that standard, we hold that Davis's appeal is frivolous.

We affirm the trial court's denial of Thomas Davis's motion to vacate the May 2004 child support order. We grant Leah Parker reasonable attorneys fees and costs incurred on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
FEARING, J.

We concur:

_____
JOHANSON, A.C.J.

_____
PENOYAR, J.