# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| WILLAPA HARBOR HOSPITAL AND THE DEPARTMENT OF LABOR AND INDUSTRIES OF THE STATE OF WASHINGTON, | ) ) ) ) ) | NO. 73664-7-I |
| Respondents, | ) ) | |
| v. | ) ) | DIVISION ONE |
| KRISTI FREEMAN, | ) ) | UNPUBLISHED OPINION |
| Appellant. | ) ) ) | FILED: December 14, 2015 |

LAU, J. — Under well settled law, judicial appeal of a decision by the Board of

Industrial Insurance Appeals (the Board) is de novo, but is based solely on the evidence

and testimony presented to the Board. Here, the trial court exceeded its authority when

it granted Willapa Harbor Hospital's Civil Rule 35 motion and remanded to the Board

with instructions to allow supplementation of the record with additional evidence. We

reverse the trial court's order, lift the stay previously imposed, and remand to the trial

court with instructions to reinstate the jury trial.

## FACTS

On March 11, 2011, Kristi Freeman sustained an injury while working as a registered nurse at Willapa Harbor Hospital (the Hospital). She filed a workers' compensation claim with the Hospital, a self-insured employer. She received medical care and benefits under her claim. During the course of her treatment, questions surfaced over a possible mental health condition related to her recovery.

On July 31, 2012, the Hospital scheduled Freeman for an independent mental health evaluation (IME) to be performed by Dr. Richard Schneider. After evaluating Freeman, he concluded that Freeman's pain disorder was preexisting and not caused or aggravated by her work injury. He recommended treatment from a pain psychologist.

On September 25, 2012, Monty Meier, Ph.D., a pain psychologist, evaluated Freeman and concluded that she suffered from a mental health condition causally related to the work injury. Dr. Schneider reviewed Meier's evaluation and adhered to his prior opinion.

On October 9, 2012, Freeman requested the Department of Labor and Industries (the Department) to order allowance of her mental health condition under her claim.

On October 19, 2012, the Hospital informed the Department that it planned to schedule Freeman for a second examination by Dr. Schneider to evaluate whether her condition had worsened or changed.

On December 19, 2012, the Hospital informed Freeman that it scheduled an evaluation with Dr. Schneider. The same day, the Department entered an order denying coverage for Freeman's pain disorder.

Freeman responded by notifying the Hospital that she would not attend the evaluation with Dr. Schneider.

On January 23, 2013, Freeman appealed the Department's December 2012 order.

On April 18, 2013, the Hospital moved the Board under CR 35[1] for an order compelling Freeman to submit to a mental health evaluation. The Hospital argued it expected Freeman to claim her condition had worsened.

On May 7, 2013, an Industrial Appeals Judge (IAJ) denied the Hospital's CR 35 motion. The IAJ reasoned that another examination was unnecessary because the question was not whether Freeman's condition had changed, but whether it was causally related to her workplace injury:

> In this case, the Employer has not shown that there is a change of circumstances that necessitates subjecting the claimant to another examination by the same IME doctor who evaluated her less than one year ago and already opined that her pain disorder condition was not proximately caused or aggravated by her industrial injury. I agree with the claimant that to the extent that her pain disorder may have worsened, it is not relevant to the issue on appeal, which is simply acceptance of the condition. In addition, without a showing of a change of circumstances by the Employer, it would be unfair to require the claimant to submit to another mental status examination that is likely to cause her more stress and has the potential for emotional harm.

Certified Board Record (CBR) at 152.

_____

[1] CR 35(a)(1) provides:
When the mental or physical condition . . . of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical examination by a physician, or a mental examination by a physician or psychologist or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

On May 13, 2013, the Hospital filed an interlocutory appeal with the Board. The Board declined review of the Hospital's interlocutory appeal.

On June 24, 2013, the IAJ presided over a hearing on the question of whether Freeman's mental condition was related to her injury. After considering evidence and testimony from both parties, the IAJ reversed the Department's December 19 order and concluded Freeman's "pain disorder with a general medical condition and psychological factors" should be accepted as proximately caused by her industrial injury. CBR at 43.

On December 3, 2013, the Hospital petitioned for review from the Board.

On December 18, 2013, the Board denied review and the Hospital appealed to Pacific County Superior Court.

On September 11, 2014, the Hospital filed a motion with the superior court entitled, "MOTION FOR CR 35 EXAMINATION." Clerk's Papers (CP) at 2. In an attached affidavit,[2] trial counsel described the procedural history before the Board and claimed the Hospital lost the chance to update its medical assessment when Freeman refused to attend the scheduled examination and its CR 35 motion was denied. Counsel further alleged that these actions denied it due process.

Freeman argued in response, "Willapa's motion is more accurately an appeal of the Board's denial of its earlier motion for a CR 35 exam. As such, Willapa fails to establish the Board abused its discretion when it denied Willapa's earlier motion." CP at 21.

---

[2] The affidavit was entitled "SELF-INSURED EMPLOYER'S AFFIDAVIT IN SUPPORT OF MOTION FOR CR 35 MENTAL HEALTH EVALUATION." CP at 4.

On September 26, 2014, Freeman argued to the trial court that its authority is limited under RCW 51.52.115:

> I do though, Your Honor, feel that as an officer of the court, I need to make the Court aware of RCW 51.52.115. That is that statute that discusses the standard of—the burden of proof in an appeal that's taken from the Board to Superior Court. In that statute it states that this actually—that there's going to be no new facts entered into the record. The record is as set below unless there is some sort of procedural mishandling or issue that's brought up that's not aired out in the record.

RP (Sept. 26, 2014) at 18-19.

On October 3, 2014, the trial court issued an order granting the Hospital's motion for a CR 35 examination. The order directed the Board to supplement the record with additional evidence from Dr. Schneider and to allow Freeman to supplement the record with additional evidence if necessary.

> THIS MATTER came before the Court on September 26, 2014 on a motion by the Self-Insured Employer, Willapa Harbor Hospital, for the granting of a CR 35 mental health examination that was denied by the assigned Industrial Appeals Judge, Board of Industrial Insurance Appeals. Said motion was based upon affidavits on file with the Court. After considering the substance of the motion, arguments of counsel, and being otherwise fully advised, the Court does herby [sic] find that the motion for a CR 35 mental health examination by Dr. Richard Schneider is herby [sic] granted and the matter is remanded to the Board of Industrial Insurance Appeals with direction to allow the Self-Insured Employer, Willapa Harbor Hospital, [sic] have a mental health examination of the claimant by Dr. Richard Schneider and to thereafter supplement the record with additional evidence from the testimony of Dr. Schneider and in addition to grant the claimant the opportunity to supplement the record with further medical evidence, if deemed necessary.

CP at 32-33.

On October 8, 2014, the trial court entered an order striking the previously scheduled jury trial.

Freeman appeals.[3]

## ANALYSIS

Both parties argue the propriety of the trial court's ruling under CR 35's good cause requirement. Under the limited circumstances presented here, the parties' arguments implicate the court's statutory authority to order the relief it granted.

The Industrial Insurance Act abolished all jurisdiction of the courts of this state for workers' injuries except as set out in RCW 51.52.110. Fay v. Nw. Airlines, Inc., 115 Wn.2d 194, 197, 796 P.2d 412 (1990); RCW 51.04.010. "Appeals from administrative tribunals invoke the appellate, not the general or original, jurisdiction of the superior court." Fay, 115 Wn.2d at 197. "Jurisdiction of the superior court is limited to review of departmental proceedings on appeals from orders of the Board." Dils v. Dep't of Labor & Indus., 51 Wn. App. 216, 217, 752 P.2d 1357 (1988); RCW 51.52.110-115.

"The Industrial Insurance Act, [chapter 51.52 RCW], provides for de novo superior court review of the Board's determination." Cascade Valley Hosp. v. Stach, 152 Wn. App. 502, 506, 215 P.3d 1043 (2009); see also Rogers v. Dep't of Labor and Indus., 151 Wn. App. 174, 179, 210 P.3d 355 (2009). Under RCW 51.52.115, the superior court reviews the Board's determinations de novo, applying the standards set out in RCW 51.52.115:

> The Board's decision is prima facie correct under RCW 51.52.115, and a party attacking the decision must support its challenge by a preponderance of the evidence. On review, the superior court may substitute its own findings and decision for the Board's only if it finds "from a fair preponderance of credible evidence, that the Board's findings and decision are incorrect."

---

[3] After the appeal was filed, Division Two of this court granted Freeman's motion to stay the superior court's order pending the resolution of this appeal.

Ruse v. Dep't of Labor & Indus., 138 Wn.2d 1, 5, 977 P.2d 570 (1999) (citation omitted) (quoting McClelland v. ITT Rayonier, Inc., 65 Wn. App. 386, 390, 828 P.2d 1138 (1992)).

Although review is de novo, under RCW 51.52.115 superior court review is limited to the proceedings below and the record before the Board.[4] The superior court may only take testimony in cases of alleged procedural irregularities before the Board not shown in the record:

> The hearing in the superior court shall be de novo, but the court shall not receive evidence or testimony other than, or in addition to, that offered before the board or included in the record filed by the board in the superior court as provided in RCW 51.52.110: PROVIDED, That in cases of alleged irregularities in procedure before the board, not shown in said record, testimony thereon may be taken in the superior court.

RCW 51.52.115 (emphasis added). Absent an alleged procedural irregularity, the superior court reviews the Board's decision based solely on the evidence and testimony presented to the Board. Stelter v. Dep't of Labor & Indus., 147 Wn.2d 702, 707, 57 P.3d 248 (2002).

On appeal, RCW 51.52.140 governs our review of the superior court decision. RCW 51.52.140 states that "[a]ppeal shall lie from the judgment of the superior court as in other civil cases." We review the superior court's CR 35 decision for an abuse of discretion. A trial court abuses its discretion if its decision is manifestly unreasonable or is based on untenable grounds or untenable reasons. Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006). If the trial court's ruling is based on an

---

[4] Unlike the Administrative Procedure Act chapter 34.05 RCW, chapter 51.52 RCW contains no provision authorizing the trial court to remand a matter to an agency for further fact finding. See RCW 34.05.562.

erroneous view of the law or involves application of an incorrect legal analysis it necessarily abuses its discretion. Dix v. ICT Group, Inc., 160 Wn.2d 826, 834, 161 P.3d 1016 (2007).

The trial court lacked authority to grant the CR 35 motion and order remand to the Board for additional evidence. The Hospital cites no authority to support the relief ordered here. Where no authorities are cited in support of a proposition, the court may assume that counsel, after diligent search, has found none. Lodis v. Corbis Holdings, Inc., 172 Wn. App. 835, 862, 292 P.3d 779 (2013).[5,6]

## CONCLUSION

Under the unique circumstances presented in this case, we conclude that the superior court erred by granting the Hospital's CR 35 motion and remanding to the Board to reopen the evidentiary record. We reverse the superior court's order, lift the previously imposed stay, and remand to the trial court with instructions to reinstate the jury trial.

WE CONCUR:

_____

_____     _____

---

[5] At oral argument to this court, the Hospital claimed this issue was not raised in the briefing or below. The Hospital is mistaken. Review of the record shows Freeman discussed RCW 51.52.115 both in her briefing before this court and in the superior court.

[6] We do not decide the question of when, or under what circumstances, the superior court may remand to the Board to reopen the evidentiary record.