IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JUAN ZABALA, | ) | |
| | ) | No. 34961-6-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OKANOGAN COUNTY, | ) | PUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

FEARING, J. — Juan Zabala sues Okanogan County for violations of the Public

Records Act, chapter 42.56 RCW.  Because RCW 70.48.100 exempts all records

requested from disclosure under the records act, we affirm the trial court's summary

judgment dismissal of the suit.

FACTS

Juan Zabala sent five requests for public records to Okanogan County.  On March

24, 2016, Juan Zabala sent a request to the Okanogan County Sheriff's Office that

sought:

> any and all records related to recorded and/or monitored jail phone
> calls that were used in the prosecution of any crime by any of the Okanogan
> County Prosecutors Offices.

Clerk's Papers (CP) at 127.  Zabala limited this request to phone calls originating from

Okanogan, Chelan, and Douglas County's adult correctional facilities.

On March 31, 2016, Juan Zabala sent a second request to the Okanogan County Sheriff's Office that did not contain any limitations, but instead demanded:

> any and all records related to recordings of inmate phone calls from any [a]dult [c]orrectional [f]acility. This request includes but is not limited to all voicemail, e[-]mail, audio, notes, reports, transcripts, arguments, motions, briefs, memos, letters and any other record related to the same.

CP at 128. Celeste Pugsley, the Okanogan County jail public record's officer, timely responded to both requests asserting that Zabala did not request identifiable records that could be reasonably located. In Pugsley's declaration in support of Okanogan County's later motion to dismiss, she further declared that the jail did not possess the records requested and that Pugsley would need to obtain that information from the prosecutor's office.

On April 5, 2016, Juan Zabala submitted a third and fourth request, with the fourth request sent four minutes after the third request. Both requests repeated the identical wording used in Zabala's first two requests, but this time Zabala directed the requests to the Okanogan County prosecuting attorney. Okanogan County Deputy Prosecuting Attorney Albert Lin replied to both requests in one e-mail on April 6. Lin stated that Zabala's requests did not identify records that could be reasonably located.

Juan Zabala's counsel submitted a fifth request to the Okanogan County Prosecuting Attorney's Office on June 3, 2016. The request again sought recorded phone

calls placed by adult inmates in Okanogan, Chelan, or Douglas County. Counsel also

demanded transcripts or summaries made of any such recordings and asked for:

> any records prepared by any employee of the Okanogan Prosecuting
> Attorney's Office that were later filed with any court or provided to any
> defense attorney that explicitly or implicitly mention such a phone call.

CP at 134. Counsel clarified, through an example, that an amended information adding a

count of tampering with a witness, intimidating a witness, or violation of a no-contact

order when the factual basis for the charge arose from such a phone call would be a

responsive record. The request narrowed the scope of records sought to those created

within the past three years and to only those records actually used in the context of

criminal prosecution.

Shauna Field, the office administrator for the Okanogan County Prosecuting

Attorney's Office, attempted to locate records requested by Juan Zabala's counsel. In a

declaration in support of Okanogan County's later motion to dismiss, Field described the

search she conducted. Using the date range of three years and the types of crimes

suggested in the fifth response, Field located 368 files. According to Field, each case

handled by the prosecutor's office utilizes various types of investigative materials. Field

further explained that the prosecutor's office does not have a way to track the specific

types of materials, whether found in an electronic file or a physical file, used in each

case. As a result, while Field could locate 368 files that matched the date range and

3

crimes entered, she could not determine if the files responded to Juan Zabala's requests without manually examining the contents of every file.

The Okanogan County prosecuting attorney responded to Juan Zabala's counsel's request, the fifth request, on June 4, 2016 claiming: (1) the request did not identify records that could be reasonably located, (2) the attorney work product exemption applied to some of the records sought, and (3) RCW 9.73.095(3)(b) exempts disclosure of recorded conversations from correctional facilities. On June 29, 2016, counsel sent a letter to the Okanogan County Prosecuting Attorney's Office citing disagreement with the prosecuting attorney's response. Counsel stated that he failed to understand how his original request lacked particularity and offered to remove the narrowed scope of only "those records that were actually used in the context of a criminal prosecution." CP at 80. The prosecuting attorney responded on July 5, 2016 by again stating that defense counsel's requests "still do not identify records that can be reasonably located." CP at 84. The prosecuting attorney clarified that, in order to identify records that could be located, specific case names or numbers would be needed.

PROCEDURE

Juan Zabala filed this lawsuit against Okanogan County. Okanogan County, with supporting declarations, filed a motion to dismiss. The trial court granted the motion. The trial court ruled that Zabala's requests were not public records requests and the requests did not identify records that can be reasonably located.

4

No. 34961-6-III
*Zabala v. Okanogan County*

LAW AND ANALYSIS

In bringing its motion to dismiss, Okanogan County presented declarations on which the trial court relied. Therefore, we consider Okanogan County's motion as one for summary judgment. CR 12(b)(7).

Grants of summary judgment are reviewed de novo and appellate courts stand in the same position as the trial court. *Brown v. Department of Corrections*, 198 Wn. App. 1, 11, 392 P.3d 1081 (2016). Summary judgment is proper if the pleadings show no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). A material fact affects the outcome of the litigation. *Elcon Construction, Inc. v. Eastern Washington University*, 174 Wn.2d 157, 164, 273 P.3d 965 (2012). Facts and reasonable inferences are viewed in the light most favorable to the nonmoving party. *Building Industry Association of Washington v. McCarthy*, 152 Wn. App. 720, 735, 218 P.3d 196 (2009).

Okanogan County raises two distinct arguments on appeal to defeat Juan Zabala's Public Records Act claim. First, RCW 9.73.095(3) and RCW 70.48.100 exempt disclosure of recorded conversations from jail facilities. Second, Zabala's public records request failed to sufficiently identify requested records. Because we hold that one of the statutes exempts the requested records, we only address Okanogan County's first contention. We may affirm the trial court on any basis found in the record, even a basis

5

not used by the trial court.  *Redding v. Virginia Mason Medical Center*, 75 Wn. App. 424,

426, 878 P.2d 483 (1994).

Exemptions

The Public Records Act provides that public records shall be available for

inspection and copying, and agencies shall, upon request for identifiable public records,

make them promptly available to any person.  RCW 42.56.080.  Some records are exempt

from production, however.  RCW 42.56.070(1) declares in part:

> Each agency, in accordance with published rules, shall make available for public inspection and copying all public records, *unless the record falls within the specific exemptions of* subsection (8) [renumbered from (6) per the Laws of 2017, ch. 304, § 1(1)] of this section, this chapter, or *other statute which exempts or prohibits disclosure of specific information or records*.

(Emphasis added.)  Okanogan County contends two "other" statutes shield inmate jail

recordings from disclosure: RCW 9.73.095(3) and RCW 70.48.100(2).  We address each

statute separately

RCW 9.73.095(3) declares:

> The *department of corrections* shall adhere to the following procedures and restrictions when intercepting, recording, or divulging any telephone calls from an offender or resident of a state correctional facility as provided for by this section.  The *department* shall also adhere to the following procedures and restrictions when intercepting, recording, or divulging any monitored nontelephonic conversations in offender living units, cells, rooms, dormitories, and common spaces where offenders may be present:

6

(a) Unless otherwise provided for in this section, after intercepting or recording any conversation, only the superintendent and his or her designee shall have access to that recording.

(b) *The contents of any intercepted and recorded conversation shall be divulged only as is necessary to safeguard the orderly operation of the correctional facility, in response to a court order, or in the prosecution or investigation of any crime.*

(c) All conversations that are recorded under this section, unless being used in the ongoing investigation or prosecution of a crime, or as is necessary to assure the orderly operation of the correctional facility, shall be destroyed one year after the intercepting and recording.

(Emphasis added.) Note that RCW 9.73.095(3) extends protection to inmate recordings only when recorded by the Department of Corrections. The statute does not cover recordings inside a county jail. We may not add words when the legislature has chosen not to include them. *Lake v. Woodcreek Homeowners Association*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). Thus, we rule that RCW 9.73.095(3) does not provide exempt recordings requested by Juan Zabala.

Okanogan County's second statute, RCW 70.48.100, extends to county jails. Subsection two of the statute bespeaks:

(2) Except as provided in subsection (3) of this section, *the records of a person confined in jail shall be held in confidence* and shall be made available only to criminal justice agencies as defined in RCW 43.43.705; or

(a) For use in inspections made pursuant to RCW 70.48.070;

(b) In jail certification proceedings;

(c) For use in court proceedings upon the written order of the court in which the proceedings are conducted;

(d) To the Washington association of sheriffs and police chiefs;

(e) To the Washington institute for public policy, research and data analysis division of the department of social and health services, higher education institutions of Washington state, Washington state health care

7

authority, state auditor's office, caseload forecast council, office of financial management, or the successor entities of these organizations, for the purpose of research in the public interest. Data disclosed for research purposes must comply with relevant state and federal statutes;

(f) To federal, state, or local agencies to determine eligibility for services such as medical, mental health, chemical dependency treatment, or veterans' services, and to allow for the provision of treatment to inmates during their stay or after release. Records disclosed for eligibility determination or treatment services must be held in confidence by the receiving agency, and the receiving agency must comply with all relevant state and federal statutes regarding the privacy of the disclosed records; or

(g) Upon the written permission of the person.

(Emphasis added.) None of the exceptions in the statute apply to thwart application of the exemption to Juan Zabala's Public Records Act request.

The only decision applying RCW 70.48.100 is *Cowles Publishing Co. v. Spokane Police Department*, 139 Wn.2d 472, 987 P.2d 620 (1999). A local newspaper sought the booking photograph of an arrestee. The state high court affirmed the police department's claim of exemption under the statute. The exemption applied despite the arrestee no longer being in jail and despite the jail sharing the photograph with the police department.

Juan Zabala sent Okanogan County officials five requests. Although some of the later requests repeated, but narrowed, earlier requests, we do not read the later requests to void the earlier broader requests. When synthesized, the five requests sought from the Okanogan County sheriff's office and prosecuting attorney any and all records, created in the last three years, related to monitored or recorded phone calls of inmates in the Chelan

8

County jail, Douglas County jail, or Okanogan County jail, including voicemail, e-mail, audio, notes, reports, transcripts, arguments, pleadings, motions, briefs, memos, and letters.

RCW 70.48.100(2) shields "records of a person confined in jail." Read broadly, the statute protects any government records of a jail inmate, including the inmate's housing permit applications processed by a city planning department. Nevertheless, we limit the breadth of the statute to records prepared as a result of the inmate being in jail.

We note that the statute does not limit the exemption to records only in the possession of the jail. As confirmed by the state Supreme Court in *Cowles Publishing Co. v. Spokane Police Department*, 139 Wn.2d 472 (1999), the exemption extends to the jail records despite the jail forwarding the records to another government agency. Thus, we hold that the exemption extends to all recordings and documents related to the recordings even when in possession of the Okanogan County prosecuting attorney. Since the exemption does not disappear when an agency other than the jail creates the records concerning the inmate, the exemption further extends to records created by the Okanogan County prosecuting attorney concerning the jail inmate, which would include all records surrounding the telephone recordings. Thus, we hold that RCW 70.48.100 exempts all records sought by Juan Zabala from the two Okanogan County offices.

We note that the prosecuting attorney likely played some of the inmate telephone recordings or filed with the court clerk records surrounding the recordings. The public

has a right to access court records. WASH. CONST. art. I, § 10; *Dreiling v. Jain*, 151

Wn.2d 900, 908, 93 P.3d 861 (2004). This public right, however, does not change our

analysis under the Public Records Act. Juan Zabala has not sought access to court clerk

records.

Attorney Fees

Both parties request attorney fees be awarded on appeal. Pursuant to RCW

42.56.550(4), any person who prevails against an agency in seeking the right to inspect or

copy a public record is entitled to reasonable attorney fees. Since Juan Zabala does not

prevail against Okanogan County, we deny his request for attorney fees.

Okanogan County asserts three bases for requesting reasonable attorney fees and

costs: RAP 14.2; RAP 18.1; and RAP 18.9. RAP 18.1 allows an award of reasonable

attorney fees and costs if another rule or statute authorizes the award. RCW 42.56.550(4)

authorizes an award only to a person prevailing against the government agency.

Okanogan County cites no other statutory basis for a grant of fees.

The county argues that RAP 18.9 gives authority for an award of attorney fees

since Juan Zabala filed a frivolous appeal. An appeal is frivolous if there are no

debatable issues upon which reasonable minds might differ and it is so totally devoid of

merit that there was no reasonable possibility of reversal. *Fay v. Northwest Airlines Inc.*,

115 Wn.2d 194, 200-01, 796 P.2d 412 (1990). We do not consider Juan Zabala's appeal

frivolous. Only one case addresses the applicability of RCW 70.48.100 and that decision

involves records of a different nature. No court has addressed whether records sent by a jail to a prosecuting attorney and used in court proceedings retains a shield from Public Records Act's disclosure.

Okanogan County asks for an award of fees pursuant to RAP 14.2 for being the substantially prevailing party on review. "Attorney fees under RAP 14.2 are statutory attorney fees and costs are limited to costs on review." *Hudson v. Hapner*, 170 Wn.2d 22, 35, 239 P.3d 579 (2010). We award Okanogan County the statutory attorney fees allowed by RAP 14.2.

## CONCLUSION

We affirm the trial court's dismissal of Juan Zabala's Public Records Act suit.

_____
Fearing, J.

WE CONCUR:

_____
Korsmo, J.

_____
Pennell, A.C.J.

11