THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| RICCARDO GREEN, | ) | No. 80975-0-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| WASHINGTON STATE EMPLOYMENT | ) | |
| SECURITY DEPARTMENT, | ) | |
| | ) | |
| Respondent. | ) | |

ANDRUS, A.C.J. — Riccardo Green currently has two appeals before this court, both related to the Department of Employment Security's denial of his application for unemployment benefits. This appeal addresses whether the superior court properly dismissed Green's petition for judicial review of an overpayment assessment for failure to serve the Department with the petition. Because the record demonstrates Green properly served the Department under Washington's Administrative Procedure Act (APA), we reverse.

## FACTS

Riccardo Green was terminated from his position as a linen attendant at Swedish Health Services (Swedish) in August 2018. He filed for unemployment benefits from the Department of Employment Security (the Department) and his

Citations and pin cites are based on the Westlaw online version of the cited material.

request was initially granted. Swedish appealed, however, arguing that Green was terminated for disqualifying misconduct and therefore was ineligible for benefits. An administrative law judge (ALJ) at the Office of Administrative Hearings (OAH) agreed and denied Green's application for benefits. Green appealed this decision to the Commissioner's Review Office (the Commissioner), which affirmed and further ordered Green to repay the benefits paid to him.

Based on the determination that Green did not qualify for unemployment benefits, the Department issued an overpayment assessment, requiring him to repay all benefits received, totaling $9,892.00. Green appealed the overpayment assessment to the OAH and then to the Commissioner, which both affirmed the assessment. Green then filed a petition for judicial review in King County Superior Court. He also filed a motion for sanctions, a motion to empanel a jury, and a motion to consolidate his two petitions.

The Department argued that Green's petition and his accompanying motions must be dismissed because he failed to serve the Department with his notice of petition for judicial review, as required under the APA. The Department's Records Officer, Robert Page, filed a declaration stating that the Department has no record of being served the petition for judicial review. Attached to his reply, Green submitted copies of postmarked certified mailing receipts addressed to the Department and a proof of delivery form for the mailing, which included a signature of the recipient. Green, however, did not mention the attachments nor their significance in his brief. The superior court denied all of Green's motions and dismissed the appeal.

Green then filed a motion for reconsideration and submitted a declaration of service, stating he had timely served the Department his petition for judicial review. He again submitted documentary proof of this service by way of postmarked certified mail receipts and United States Postal Service tracking reports showing delivery to the Department. The superior court also denied the motion for reconsideration. Green appeals.

<u>ANALYSIS</u>

The question of whether a petitioner has completed service under the APA is a question of law reviewed de novo. <u>Diehl v. W. Wash. Growth Mgmt. Hr'gs Bd.</u>, 153 Wn.2d 207, 212-13, 103 P.3d 193 (2004); <u>Clark County v. Growth Mgmt. Hr'gs Bd.</u>, 10 Wn. App. 2d 84, 94-95, 448 P.3d 81 (2019).

A petition for judicial review of an agency order under the APA must be served on the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order. RCW 34.05.542(2). An appeal from an administrative tribunal invokes the appellate, rather than the general, jurisdiction of the superior court. <u>Union Bay Pres. Coal. v. Cosmos Dev. & Admin. Corp.</u>, 127 Wn.2d 614, 617, 902 P.2d 1247 (1995). Acting in its appellate capacity, the superior court is of limited statutory jurisdiction, and all statutory procedural requirements must be met before jurisdiction is properly invoked. <u>Fay v. Northwest Airlines, Inc.</u>, 115 Wn.2d 194, 197, 796 P.2d 412 (1990). Accordingly, a petition for judicial review must be dismissed if the APA's service requirements are not met. <u>Sprint Spectrum, LP v. Dep't of Revenue</u>, 156 Wn. App. 949, 961, 235 P.3d

849 (2010).  Service by mail is deemed complete upon deposit in the United States mail, as evidenced by a postmark.  RCW 34.05.542(4).

The Department argues the superior court properly dismissed Green's petition for judicial review because Green offered no evidence that he properly served the petition, as required by RCW 34.05.542.  We disagree.

Although Green did not provide a declaration of service until after the superior court dismissed his petition, such a declaration is not required under the APA.  The APA requires only that the petition be deposited in the United States mail, as evidenced by a postmark, within thirty days of the agency's final order.  RCW 34.05.542(2), (4).  Green provided such evidence here.  Green submitted a postmarked, certified mail receipt, addressed to the Department, and accompanied by a tracking number which corresponded to the tracking number on the proof of delivery form.  The proof of delivery form further contained a signature confirming receipt, indicating that the Department received the petition and was properly served.  Proper service to the Department is further supported by Green's declaration of service, submitted along with his motion for reconsideration.  The superior court erred in dismissing the appeal for lack of service.

Although Green also assigns error to the trial court's denial of his motions for sanctions, for a jury, and to consolidate his two petitions, these issues have not been adequately briefed and we will not address them here.  We will not consider an inadequately briefed argument.  See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (argument unsupported by citation to the record or authority will not be considered); see also Smith v. King, 106 Wn.2d

443, 451-52, 722 P.2d 796 (1986) (party waives assignment of error where the issue is not argued in the party's brief).

Green's briefs contain no mention of the denial of his motion to empanel a jury or motion to consolidate the cases and no argument as to why the superior court's denial of these motions was made in error. Although his opening brief contains vague assertions that counsel for respondents violated the rules of professional conduct, this argument is not supported by any citations to the record, or by any specific factual allegations. We therefore do not consider these arguments here.

Reversed and remanded for further proceedings consistent with this opinion.

_Andrus, A.C.J._

WE CONCUR:

_____    _____