## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JASON L. AGUIRRE, | No. 53072-4-II |
| Appellant, | |
| v. | |
| KROGER, INC., | PUBLISHED OPINION |
| Respondent. | |

SUTTON, J. — Jason L. Aguirre appeals from a superior court order granting his self-insured employer's motion to dismiss Aguirre's appeal from a Board of Industrial Insurance Appeals (Board) decision "for failure to properly serve all necessary parties in accordance with RCW 51.[52[1]].110 and Civil Rule [(CR)] 5(b)(2)([B])." Clerk's Papers (CP) at 32. The issue on appeal is whether RCW 51.52.110 requires a party appealing a Board decision to file proof of service on all necessary parties within 30 days in order to perfect the appeal. We hold that the plain language of RCW 51.52.110 does not require that proof of service be filed within 30 days to perfect the appeal. Accordingly, we reverse the superior court order dismissing the appeal and remand for further proceedings consistent with this opinion.

---

[1] The superior court order erroneously refers to "RCW 51.*12*.110," but this citation was clearly a reference to RCW 51.52.110.

FACTS

On February 28, 2018, the Board affirmed a Department of Labor and Industries (Department) order relating to Aguirre's industrial injury claim against his self-insured employer "Kroger/Fred Meyer" (Kroger). CP at 12. On March 22, Aguirre filed a notice of appeal of the Board's decision in the superior court. The notice of appeal filed in the superior court was also addressed to Kroger, the Board, and the Department. That same day, Aguirre sent Kroger's counsel a letter containing "a conformed copy of the [n]otice of [a]ppeal," which Kroger's counsel's office stamped as received on March 26. CP at 24.

On April 2, Aguirre's counsel filed a proof of service stating that he had served copies of the notice of appeal on the Board, the Department, and Kroger by mail on March 22. Aguirre's counsel signed the proof of service, but the proof of service did not contain the certification language set out in CR 5(b)(2)(B),[2] nor was it signed under penalty of perjury.

---

[2] CR 5(b)(2)(B) provides:

> Proof of service by mail. Proof of service of all papers permitted to be mailed may be by written acknowledgment of service, by affidavit of the person who mailed the papers, or by certificate of an attorney. The certificate of an attorney may be in form substantially as follows:

> CERTIFICATE

> I certify that I mailed a copy of the foregoing _____ to (here name the person, first name then last name), (plaintiff's) attorney, at (office address or residence), and to (here name the person, first name then last name), an additional (defendant's) attorney (or attorneys) at (office address or residence), postage prepaid, on (date).

> _____
> (here name the person, first name then last name)

> Attorney for (Defendant) here name the person, first name then last name

Four months later, Kroger moved to dismiss the appeal under CR 41(b). In its motion, Kroger argued that the superior court should dismiss the appeal because Aguirre failed to substantially comply with RCW 51.52.110 by not providing proof of service that complied with the civil rules.

On August 24, before responding to Kroger's motion to dismiss, Aguirre's counsel filed a second proof of service with the superior court stating that he had served the Board, the Department, and Kroger on March 22. Aguirre's counsel signed this proof of service under penalty of perjury.

Two months later, Aguirre responded to Kroger's motion to dismiss, arguing that the appeal was properly filed because his counsel had mailed copies of the notice of appeal to the Board, the Department, and Kroger on March 22, and had filed proof of service on April 2. Aguirre noted that his counsel had also filed a second proof of service on August 24 that included "the declaratory language pursuant to GR 13(a)." CP at 31.

At the hearing on Kroger's motion to dismiss, Kroger argued that Aguirre had not complied with the requirements of RCW 51.52.110 because he had failed to file adequate proof of service within 30 days of the Board's decision.[3] Kroger's counsel also asserted that the proof of service was not adequate because Kroger had not received proper notice that the other necessary parties had been served.

---

[3] During this argument, Kroger's counsel also noted that because Aguirre was aware that Kroger was represented, Aguirre should have directed all service on Kroger to Kroger's counsel. But when the superior court asked Kroger's counsel if he was relying on the argument that he had not been served, Kroger's counsel stated that he was *not* making that argument.

3

Aguirre responded that he had complied with RCW 51.52.110 "by sending" copies of the notice of appeal to the Board, the Department, and Kroger within 30 days. Verbatim Report of Proceedings (VRP) at 4. Aguirre acknowledged that the proof of service he filed on April 2 was missing the "under penalty of perjury" declaration required under GR 13, but he stated that he had he "cured" this defect by sending a corrected proof of service containing the declaration on August 24 and argued that there was no requirement that the proof of service be filed within the 30 day period. RP at 5-6.

The superior court stated that the "crux" of the issue was whether Aguirre could "add that [c]ertification language after the passage of the [30] days" and that the core issue was whether Aguirre was required to provide a certified proof of service within 30 days. VRP at 8, 9. After verifying with Kroger that this was Kroger's argument, the superior court took the matter under advisement.

Three months later, the superior court granted Kroger's motion to dismiss and dismissed Aguirre's appeal with prejudice. The superior court's order noted only that the matter was dismissed "for failure to properly serve all necessary parties in accordance with RCW 51.[5]2.110 and Civil Rule 5(b)(2)([B])." CP at 32. The superior court did not further explain its reasoning.

Aguirre appeals.

ANALYSIS

Aguirre argues that the superior court erred when it dismissed his appeal of the Board's decision based on his failure to file adequate proof of service within 30 days. We agree.

4

I. LEGAL PRINCIPLES

When reviewing an appeal from a Board decision, the superior court is acting in its appellate capacity. *Fay v. Northwest Airlines, Inc.*, 115 Wn.2d 194, 197, 796 P.2d 412 (1990). "'Acting in its appellate capacity, the superior court is of limited statutory jurisdiction, and all statutory requirements must be met before jurisdiction is properly invoked.'" *Fay*, 115 Wn.2d at 197 (quoting *Spokane County v. Utilities & Transp. Comm'n*, 47 Wn. App. 827, 830, 737 P.2d 1022 (1987)). RCW 51.52.110 establishes the appellate procedures for an appeal of a Board order to the superior court.

Whether, under RCW 51.52.110, the party appealing a Board decision to the superior court must file proof of service of the notice of appeal on all necessary parties within 30 days of the Board's decision in order to perfect the appeal is a question of statutory interpretation. Statutory interpretation is a question of law that we review de novo. *Bostain v. Food Express, Inc.*, 159 Wn.2d 700, 708, 153 P.3d 846 (2007); *Krawiec v. Red Dot Corp.*, 189 Wn. App. 234, 238, 354 P.3d 854 (2015) (review of service requirements under RCW 51.52.110 is an issue of law reviewed de novo).

When engaging in statutory interpretation, "[o]ur goal is to effectuate the legislature's intent." *Bostain*, 159 Wn.2d at 708.

> If the statute's meaning is plain, we give effect to that plain meaning as the expression of the legislature's intent. Plain meaning is determined from the ordinary meaning of the language used in the context of the entire statute in which the particular provision is found, related statutory provisions, and the statutory scheme as a whole.

*Bostain*, 159 Wn.2d at 708 (citation omitted). When examining a statute in the context of a workers' compensation claim, we resolve "[a]ll doubts as to the meaning . . . in favor of the injured worker." *Clauson v. Dep't of Labor & Indus.*, 130 Wn.2d 580, 584, 925 P.2d 624 (1996).

## II. Plain Language Analysis

RCW 51.52.110 provides that appeals from a Board decision must be filed within 30 days. RCW 51.52.110 further provides that

> [s]uch appeal shall be perfected by filing with the clerk of the court a notice of appeal and by serving a copy thereof by mail, or personally, on the director and on the board. If the case is one involving a self-insurer, a copy of the notice of appeal shall also be served by mail, or personally, on such self-insurer.

Additionally, case law holds that RCW 51.52.110 requires that the service on the parties occur within 30 days. *Fay*, 115 Wn.2d at 198.

The plain language of RCW 51.52.110 requires that the notice of appeal be filed with the clerk of the court and served on the parties within 30 days, but there is no similar language requiring that *proof of service* be *filed* with the clerk of the court within that same 30 days. Thus, the plain language of RCW 51.52.110 does not require filing of the proof of service within a specific time-frame. And "[w]e cannot add words or clauses to an unambiguous statute when the legislature has chosen not to include that language." *State v. Delgado*, 148 Wn.2d 723, 727, 63 P.3d 792 (2003).

Furthermore, we note that if the legislature had intended to require that the party seeking appellate review with the superior court to file the proof of service within 30 days, it could have easily included such language in the statute. *See e.g.* MAR 7.1(c) (requiring that "[t]he party filing

6

and serving the request for a trial de novo [of a mandatory arbitration decision] shall file proof of service with the court" within 20 days).

Although Kroger asserts that a certificate of service must be filed when the notice of appeal is filed in order to perfect the appeal, Kroger does not direct us to any authority requiring that the proof of service be filed with the notice of appeal or within 30 days of the Board decision. Nor does Kroger cite to any authority countering our plain language interpretation. At best, Kroger cites to two cases, *Brackman v. City of Lake Forest Park*, 163 Wn. App. 889, 262 P.3d 116 (2011), and *Sunderland v. Allstate Indem. Co.*, 100 Wn. App. 324, 995 P.2d 614 (2000). But both of those cases address the requirements under the mandatory arbitration rules, which expressly requires proof of service within a specified period of time, language that is absent here, so those cases are not helpful here. *Brackman* 163 Wn. App. at 891; *Sunderland*, 100 Wn. App. at 325.

Kroger also argues that Aguirre did not substantially comply with the service requirement because his original proof of service did not contain the required certification and he did not move for permission to amend the proof of service. But we decline to address this issue because the record demonstrates that the superior court based its decision on the erroneous assumption that the proof of service had to be filed with the superior court within 30 days.

## ATTORNEY FEES

Aguirre requests attorney fees under RCW 51.52.130(1).[4] Because our decision does not reverse or modify the Board's order or grant Aguirre additional relief, Aguirre's request for attorney fees is denied. RCW 51.52.130(1).

---

[4] Kroger does not request attorney fees or costs.

No. 53072-4-II

Because the plain language of RCW 51.52.110 does not require that proof of service be filed within 30 days to perfect the appeal, we reverse the superior court order dismissing the appeal and remand for further proceedings consistent with this opinion.

SUTTON, J.

We concur:

LEE, C.J.

WORSWICK, J.