**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| HUONG THI NGUYEN, | No. 58479-4-II |
| Appellant, | |
| v. | |
| CORPORATION OF CATHOLIC ARCHBISHOP, | UNPUBLISHED OPINION |
| Respondent. | |

MAXA, P.J. – Huong Thi Nguyen appeals the superior court orders granting her self-insured employer, Corporation of Catholic Archbishop's (CCA), motion to dismiss for failure to perfect the appeal to the superior court and motion for summary judgment and the dismissal of her petition to reopen her workers' compensation claim. Because there is nothing in the record demonstrating that the Board of Industrial Appeals (Board) or the director of the Department of Labor and Industries (DLI) were served within 30 days of the Board's decision, we hold that the superior court did not err when it granted the CCA's motion to dismiss. Accordingly, we affirm the superior court's dismissal of Nguyen's request to reopen her industrial insurance claim.

FACTS

In November 2013, Nguyen was injured while working for the CCA. DLI opened a worker's compensation claim to treat a cervical strain. The claim was first closed in July 2014. In 2016, DLI reopened the claim. DLI later closed the claim again.

In December 2019, Nguyen sought to reopen the claim a second time. DLI denied Nguyen's application. Nguyen appealed DLI's decision to the Board. Following a hearing on the merits, an industrial appeals judge (IAJ), denied Nguyen's request to reopen her claim.

Nguyen sought review of the IAJ's decision before the Board. On April 28, 2022, the Board concluded that the record did not contain sufficient evidence to support reopening the claim and affirmed DLI's denial of Nguyen's application to reopen her claim.

On May 19, Nguyen sought review of the Board's April 28, 2022 decision in the superior court. On June 14, Nguyen's counsel filed a certificate of service stating that he had served the "Notice of Appeal" on DLI's director and on the Board on June 14. Clerk's Papers (CP) at 174.

The CCA filed a motion to dismiss for failure to timely perfect the appeal and a separate for summary judgment, arguing that Nguyen had failed to submit sufficient evidence to support her application to reopen her case. In its motion to dismiss, the CCA argued that the superior court lacked jurisdiction because Nguyen had failed to timely serve the director of DLI with the notice of appeal. At this point in the proceedings Nguyen was representing herself.

The superior court heard the CCA's motions on June 9, 2023, after giving Nguyen extra time to file a responsive pleading. During this hearing, Nguyen presented no briefing, documentation, or argument regarding the service issue. The court granted the CCA's motion to dismiss and the CCA's motion for summary judgment, and dismissed the appeal.

Nguyen filed a notice of appeal in this court, representing herself.

ANALYSIS

A.      SCOPE OF APPEAL

As a preliminary matter, we must address the scope of this appeal. The CCA argues that because the order granting the motion to dismiss was the only order that Nguyen attached to her notice of appeal in this court, Nguyen is not appealing the order granting summary judgment. Accordingly, the CCA contends that we can affirm the dismissal of Nguyen's industrial

insurance appeal based on the unchallenged order granting summary judgment without addressing any of Nguyen's arguments. We disagree.

The CCA is correct that Nguyen did not attach a copy of the order granting summary judgment to her notice of appeal. Nor did she mention this order in her notice of appeal. However, RAP 5.3(f) provides that we may disregard defects in the form of the notice of appeal "if the notice clearly reflects an intent by a party to seek review."

Here, the text of Nguyen's notice of appeal appears to broadly seek reversal of the dismissal of her of industrial insurance appeal. And Nguyen immediately sought to have the order granting the respondent's motion for summary judgment sent to this court with her notice of appeal. Her inclusion of the summary judgment order in a designation of clerk's papers, rather than as an attachment to the notice of appeal, may demonstrate her lack of understanding of the rules of appellate procedure. But it is clear that her intent was to appeal the dismissal of her industrial insurance appeal, regardless of the grounds for dismissal.

Because we must liberally interpret the Rules of Appellate Procedure to promote justice and facilitate decisions on the merits of the case, we exercise our discretion under RAP 5.3(f) and RAP 1.2(a) and (c) and construe Nguyen's notice of appeal as appealing both of the superior court's orders dismissing her industrial insurance appeal. *Knox v. Microsoft Corp.*, 92 Wn. App. 204, 213, 962 P.2d 839 (1998).

B.    ORDER GRANTING MOTION TO DISMISS

On appeal, we review the superior court's decision and order, not the Board's decision and order. *Spohn v. Dep't of Lab. & Indus.*, 20 Wn. App. 2d 373, 378, 499 P.3d 989 (2021).

The superior court acts in its appellate capacity when it reviews a decision of the Board. *Aguirre v. Kroger, Inc.*, 13 Wn. App. 2d 378, 382, 463 P.3d 780 (2020). When acting in this

capacity, its jurisdiction is statutorily limited " 'and all statutory requirements must be met before jurisdiction is properly invoked.' " *Id.* (quoting *Fay v. Northwest Airlines Inc.*, 115 Wn.2d 194, 197, 796 P.2d 412 (1990)).

RCW 51.52.110 requires that the party seeking review of the Board's decision in the superior court perfect the appeal by serving the DLI director and the Board with the notice of appeal. Substantial compliance with the service requirements may satisfy this requirement. *Fay*, 115 Wn.2d at 198. But the service must occur within 30 days of the Board's decision. *Stewart v. Dep't of Emp. Sec.*, 191 Wn.2d 42, 419 P.3d 838 (2018).

Not only did Nguyen fail to argue in the superior court that service on the Board or the DLI director was timely, the only evidence in the record of service on the Board and the director is Nguyen's certificate of service stating that they were served on June 14, 2022 – well beyond the 30-day time limit. Because the record does not show that Nguyen served or attempted to serve the Board and the director within 30 days of the Board's decision, the superior court did not err when it dismissed Nguyen's appeal for failure to perfect the appeal.

Accordingly, we hold that the superior court did not err in dismissing Nguyen's industrial insurance appeal for failure to comply with the service requirements. Because we affirm the dismissal on this ground, we need not address the order granting summary judgment.[1]

C.     CCA'S REQUEST FOR SANCTIONS

The CCA requests that we order Nguyen to pay reasonable attorney fees and costs as sanctions under RAP 14.1 and RAP 18.9(a) for filing a frivolous appeal, slandering opposing

---

[1] The CCA moves to strike the unsupported factual assertions and arguments that rely on those assertions from Nguyen's briefing. Because we can decide this appeal without reference to Nguyen's unsupported factual assertions and related arguments in her briefing, this motion is moot.

counsel, engaging in false personal attacks against opposing counsel, repeatedly attempting to present improper evidence, and failing to abide by the RAPs.

Although Nguyen's appeal has no merit and her briefing contains some language that could be construed as derogatory towards counsel, the record clearly demonstrates that language barriers and a lack of understanding about the legal process has played a significant role in Nguyen's failure to follow appellate rules and the manner in which she has presented her case as a pro se appellant. Under these circumstances, we decline to award sanctions to the CCA. But because the CCA is the prevailing party, it is entitled to costs under RAP 14.2.

## CONCLUSION

We affirm the superior court's dismissal of Nguyen's request to reopen her industrial insurance claim.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, P.J.

We concur:

GLASGOW, J.

PRICE, J.