IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| AEDIN QUINN,<br>                    Appellant,<br><br>        v.<br><br>THE STATE OF WASHINGTON<br>DEPARTMENT OF LABOR AND<br>INDUSTRIES, and KING COUNTY,<br><br>                    Respondents. | No. 86389-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

COBURN, J. — Representing himself, Aedin Quinn attempted to appeal several decisions by the Board of Industrial Insurance Appeals (the Board) to the superior court. The superior court determined that Quinn failed to timely file and perfect his appeal of the Board decisions and dismissed the case. Because the record does not demonstrate that Quinn complied with the statutory requirements for superior court review of his Board decisions, we affirm.

FACTS

Quinn sustained two industrial injuries during his employment with King County. First, in 2017, Quinn injured his neck and back. The Department of Labor and Industries (Department) allowed the claim and paid benefits. Quinn appealed three orders issued by the Department on that claim, two of those orders denied responsibility for lumbar degenerative disc disease and multiple sclerosis. The third order closed the claim without an award for permanent impairment. An industrial appeals judge affirmed the

orders denying responsibility but reversed the claim closure order. Both King County and Quinn filed petitions for review with the Board.

In 2018, Quinn injured his right knee. The Department allowed the claim and later closed it without awards for time-loss compensation or permanent impairment. Quinn appealed the closing order.

Quinn also filed three additional claims that the Department rejected. Quinn appealed these to the Board.

The Board considered and affirmed the various decisions by the Department on Quinn's claims in a single decision and order issued on July 7, 2023. The final order sent to Quinn included a cover letter with instructions on how to appeal the decision to the superior court. The instructions explained that an appeal of a workers' compensation claim must be filed in superior court within 30 days from the date the order was mailed and that copies of the appeal must be mailed or hand-delivered to the Board, the Department, and the self-insured employer.

On July 10, 2023, Quinn filed an online notice of appeal with the Board. That same day, he filed a separate document with the Board disputing its decision. On July 17, the chief legal officer of the Board responded to Quinn's filing with a letter explaining that the only avenue of appeal was to file with the appropriate superior court and included instructions on filing and serving the appeal. The letter also instructed Quinn that the superior court would assign a cause number that Quinn should provide to the Board.

Quinn attempted to file a fee waiver for a civil case against the Department on August 7, 2023. The superior court denied the fee waiver on September 15, noting that

Quinn never submitted a motion or declaration in support of the request.

On November 9, 2023, King County sent an email to the Board requesting a copy of the notice of appeal that Quinn had served on the Board. The chief legal officer of the Board responded that Quinn had never provided a valid cause number for a superior court appeal.

King County filed a motion to dismiss the appeal arguing that the King County Superior Court lacked jurisdiction due to Quinn's failure to timely file and perfect the appeal. The trial court granted the motion to dismiss.

Quinn appeals.

## DISCUSSION

Quinn requests that we reverse the Board's final decision and order affirming the Department's decisions as to his claims. He does not acknowledge or challenge the trial court's dismissal of his case for lack of jurisdiction. After our review of the evidence in the record, we conclude that the trial court properly dismissed Quinn's case.

To review decisions under the Industrial Insurance Act, the superior court considers issues de novo based on the certified board record. White v. Quest Corp., 15 Wn. App. 2d 365, 371, 478 P.3d 96 (2020). The appellate court reviews the decision of the superior court, rather than the Board's order.[1] Id. We review de novo whether a

---

[1] Quinn has filed many supplemental documents with this court. None of these filings comply with the Rules of Appellate Procedure in substance or in form. See RAP 10.1(b); RAP 10.3(a); RAP 10.4; RAP 17.3(a). To the extent we are able to understand some of his requests, in many of these filings, Quinn moves this court to exclude or reevaluate evidence presented to the Board. However, we review the decision of the superior court, not that of the Board. White, 15 Wn. App. 2d at 371. Moreover, the only issue before us on appeal is whether the superior court properly dismissed the case for lack of jurisdiction due to untimely and improper service. Quinn's filings seek relief that is not available to him. Therefore, we decline to consider the merits of these supplemental filings.

court has subject matter jurisdiction. <u>Dougherty v. Dep't of Lab. & Indus.</u>, 150 Wn.2d 310, 314, 76 P.3d 1183 (2003).

The Industrial Insurance Act "provides that the Department possesses original jurisdiction of cases involving injured workers, and the superior courts possess appellate jurisdiction." <u>Id.</u> As a result, the superior court acts in an appellate capacity when reviewing a decision from the Board. <u>Aguirre v. Kroger, Inc.</u>, 13 Wn. App. 2d 378, 382, 463 P.3d 780 (2020). "'Acting in its appellate capacity, the superior court is of limited statutory jurisdiction, and all statutory requirements must be met before jurisdiction is properly invoked.'" <u>Fay v. Nw. Airlines, Inc.</u>, 115 Wn.2d 194, 197, 796 P.2d 412 (1990) (quoting <u>Spokane County v. Utilities & Transp. Comm'n</u>, 47 Wn. App. 827, 830, 737 P.2d 1022 (1987)).

RCW 51.52.110 establishes the requirement for filing an appeal in the superior court from a final decision of the Board on a workers' compensation claim. <u>Black v. Dep't of Lab. & Indus.</u>, 131 Wn.2d 547, 551, 933 P.2d 1025 (1997). As pertinent here, the statute provides that an aggrieved party must file an appeal with the superior court within 30 days after communication of the final decision and order of the Board. RCW 51.52.110.

> Such appeal shall be perfected by filing with the clerk of the court a notice of appeal and by serving a copy thereof by mail, or personally, on the director and on the board. If the case is one involving a self-insurer, a copy of the notice of appeal shall also be served by mail, or personally, on such self-insurer.

RCW 51.52.110. We have interpreted the statute to require the appealing party to both file and serve notice within the 30-day period in order to invoke the jurisdiction of the superior court. <u>Fay</u>, 115 Wn.2d at 198. If an appeal is not filed and perfected within 30

days as required by the statute, the decision of the Board becomes final. RCW 51.52.110.

Here, the Board issued its decision on July 7, 2023. Quinn submitted both an online notice of appeal and written correspondence disputing the decision to the Board on July 10, which establishes that he received the order no later than that date. As such, to comply with RCW 51.52.110 and invoke the jurisdiction of the superior court for review of the Board's decision, Quinn was required to file and serve notice of his appeal within 30 days of July 10.

In support of its motion to dismiss for lack of jurisdiction, King County provided evidence establishing Quinn's communications concerning his case. On August 7, 2023, King County received documents pertaining to cases 19-2-19233-0 SEA and 18-2-17079-6 SEA. The Board and the Department received the same documents on August 21 and August 22 respectively. However, none of these documents establish that Quinn filed his appeal with the superior court.

Instead, the first evidence of a successful filing with the King County Superior Court is a notice of appeal received by the court on September 15, 2023 and given a cause number of 23-0-01129-8 SEA. That same day, the superior court received and denied Quinn's motion to waive the filing fee for the case associated with that cause number. However, as of November 9, 2023, neither King County nor the Board had received notice of the filing associated with this cause number.

Given the evidence produced by King County, Quinn did not successfully file his appeal in King County Superior Court until September 15, 2023 and had not provided notice to the Department, the Board, or King County by November 9. Quinn failed to

present any evidence—either to the superior court or this court—in opposition to King County's claim that he failed to timely file and perfect his appeal. Without compliance with RCW 51.52.110, Quinn never invoked the superior court's appellate jurisdiction for review of the final decision of the Board. Therefore, the trial court properly dismissed the case for lack of jurisdiction.

Affirmed.

_Coburn, J._

WE CONCUR:

_Feldman, J._        _Díaz, J._